IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROMEO ENTERTAINMENT GROUP, INC., a Nebraska Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 8:08CV481 |
| SHOWING ANIMALS RESPECT AND KINDNESS, INC., d/b/a SHARK, an Illinois Corporation, et al., | ) ) ) ) | REPORT AND RECOMMENDATION |
| Defendants. | ) | |

This matter is before the magistrate judge pursuant to 28 U.S.C. § 636 and the general order of referral for a Report and Recommendation on the plaintiff's Motion (Doc. 14) to remand the case to state court. The matter has been fully briefed. For the reasons discussed below, I recommend that the motion be denied.

## BACKGROUND

Plaintiff filed this case in the Douglas County District Court seeking damages for tortious interference with contractual relationships, injunctive relief, and punitive damages. Defendant ("SHARK") timely removed the matter to federal court pursuant to 28 U.S.C. § 1446, alleging that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as the parties are citizens of different states and the amount in controversy exceeds $75,000.

The complaint alleges that plaintiff is a talent buyer and promoter. Plaintiff produces and promotes live entertainment events at venues throughout the United States, including rodeo venues such as the Cheyenne Frontier Days Celebration in Cheyenne, Wyoming; the Greeley Stampede in Greeley, Colorado; and River City Round-up in Omaha, Nebraska. In summary, plaintiff alleges that the defendant tortiously interfered with plaintiff's contractual relationships with certain entertainers by contacting the entertainers and encouraging them to breach their contracts to perform at Cheyenne Frontier Days. SHARK allegedly stated that it will continue to contact entertainers scheduled to perform at Cheyenne Frontier Days and other rodeo events in order to induce the entertainers to breach their contracts to perform at those events.

Paragraph 49 of the Complaint states:

> As of [September 26, 2008], Plaintiff has suffered damages in excess of $100,000. Plaintiff has also incurred damages for the following: show marketing costs, show preparation costs, time and expense spent booking and looking for replacement artists, refunds of sold tickets, legal expenses, lost profits, and reputation damages.

## LEGAL ANALYSIS

In its Motion for Remand, plaintiff contends that the amount in controversy does not exceed the sum of $75,000 because, three days before the case was removed to federal court, plaintiff reached a confidential settlement with one of the entertainers and the amount it can

recover from SHARK is now less than $75,000. Defense counsel was notified of the settlement the day after the case was removed.

Pursuant to 28 U.S.C. § 1332(a), the federal district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000." Section 1332(a) requires that the amount in controversy be computed "exclusive of interest and costs." When calculating the amount in controversy, "statutory attorney fees" are to be included in the total, *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005), as are statutory penalties. *Mates v. Butterball*, LLC, 2007 WL 2407031 at *2, Case No. 4:07CV3130 (D. Neb., Aug. 20, 2007) (citing *Peacock, Inc. v. Stuyvesant Ins. Co.*, 332 F.2d 499, 501-02 (8th Cir. 1964)).

In general, the party invoking federal jurisdiction bears the burden of proving the jurisdictional requirements. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342 (8th Cir. 2007); *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d at 1031. The facts establishing the jurisdictional amount must be determined as of the time of removal. *See James Neff Kramper Family Farm Partnership v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005). The sum claimed by the plaintiff generally controls if the claim is apparently made in good faith. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

Notwithstanding any payments made to plaintiff pursuant to the confidential settlement agreement, the state court complaint was not amended prior to its removal to

federal court.[1]  Issues remain pending regarding plaintiff's show marketing costs, show preparation costs, time and expense spent booking and looking for replacement artists, refunds of sold tickets, legal expenses, lost profits, reputation damages, and punitive damages.  On the face of the pleading, at the time of the removal, the plaintiff still sought the recovery of an amount exceeding $100,000.

The court finds that the matter in controversy exceeded the sum or value of $75,000 at the time of removal.  Therefore,

**IT IS RECOMMENDED** that plaintiff's Motion to Remand (Doc. 14) be denied.

Pursuant to NECivR 72.3, a party may object to a this Report and Recommendation by filing an "Objection to Report and Recommendation" within ten (10) days after being served with the recommendation. The statement of objection shall specify those portions of the recommendation to which the party objects and the basis of the objection. The objecting party shall file contemporaneously with the statement of objection a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.

**DATED February 5, 2009.**

                                                       **BY THE COURT:**

                                                       s/ F.A. Gossett
                                                       **United States Magistrate Judge**

---

[1] Apparently, plaintiff filed an amended complaint in state court the day after SHARK filed its Notice of Removal.  *See* Doc. 24-2 at p. 31/48.